**Lauren L. JOICHIN, Plaintiff,**

v.

**BRITISH LEYLAND MOTORS INC., Ford Motor Company, Town and Country Auto Sales, Inc., Sharp and Jannie Chevron Station, Murray Langer, John Doe (present owner of car), Defendants.**

**No. 77 Civ. 3905 (CMM).**

United States District Court,
S. D. New York.

March 29, 1979.

Silvera & Brooks, New York City, for plaintiff.

Townley & Updike, New York City, for defendants British Leyland Motors Inc. and Town and Country Auto Sales, Inc.; Neil J. Rosini, New York City, of counsel.

METZNER, District Judge:

Defendants British Leyland Motors (British Leyland) and Town and Country Auto Sales, Inc. (Town and Country) move pursuant to Fed.R.Civ.P. 12(b)(1) for an order dismissing the complaint as to them for lack of subject matter jurisdiction.

On March 23, 1976, plaintiff bought from Town and Country a 1976 MG Midget manufactured by British Leyland. She had considerable difficulties with the car and in the final episode of her travail the car broke down in the Bronx in October 1976. It was towed by defendant Sharp and Jannie from their gas station in the Bronx to Town and Country in Middletown, Connecticut. But when Town and Country did not pay the $200 towing charge (as Sharp and Jannie had assured plaintiff it would), the car was towed back to the Bronx, raising the charge to $400.

Plaintiff was away on business for four weeks during which time an additional $200 storage charge accrued. When she came from her home in Middletown to the gas station with a certified check to retrieve the car, she was told that the station was closed for a half a day. She returned to Connecticut and on December 8, 1976 the car was sold at public sale pursuant to New York Lien Law §§ 184, 200–202 and 204 (McKinney 1966) for $1,775. Sharp and Jannie deducted a bill of $1,397.96 for storage, and plaintiff received the balance of $377.04.

Plaintiff is suing Sharp and Jannie, the auctioneer, and the purchaser of the car for declaratory and injunctive relief to set aside the sale on the grounds that the New York Lien Law deprives her of her right to due process under the Fourteenth Amendment to the Constitution and Article I, Section 6 of the New York Constitution. As to these parties subject matter jurisdiction is based on 28 U.S.C. § 1343 and is not contested in this motion.

Plaintiff is also suing British Leyland and Town and Country for their alleged breaches of warranties in the sale of the car, all state law claims. It would appear from the complaint that diversity exists between plaintiff and British Leyland, but not between plaintiff and Town and Country. But no allegation is made as to diversity and plaintiff bases jurisdiction on the concept of pendent jurisdiction, as enunciated in *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

In *Gibbs* the Court held that a federal district court had jurisdiction over separate state law claims which shared a "common nucleus of operative fact." 383 U.S. at 725, 86 S.Ct. 1130. In *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), the Court recognized that under proper circumstances pendent jurisdiction can be used to bring in a party as to whom no independent basis of federal jurisdiction exists.

But before reaching the *Aldinger* issue, the *Gibbs* standard of a common nucleus of operative fact must be met. No such common nucleus exists here. Defendants' alleged breach of warranty has no relation to the alleged deprivation of due process. Plaintiff's claims against the movants are not "such that [s]he would ordinarily be expected to try them all in one judicial proceeding . . . ." 383 U.S. at 725, 86 S.Ct. at 1138. Nor is there any chance of inconsistent verdicts to justify the exercise of pendent jurisdiction as in *Leather's Best, Inc. v. S. S. Mormaclynx,* 451 F.2d 800 (2d Cir. 1971).

Motion granted.

So ordered.